

FILED by MB D.C.

ELECTRONIC

**FEB. 8, 2008**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

# 08-60177-CIV-ALTONAGA/TURNOFF

MATTHEW K. GAISSER,
on behalf of himself and
all others similarly situated,

        Plaintiff,

      v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
ROBERT J. OROVITZ, P. A.
d/b/a HAYT, HAYT & LANDAU,
ROBERT J. OROVITZ,
and JOSEPH D. ALLEN,

        Defendants.

_____/

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

    1.    Plaintiff Matthew K. Gaisser, on behalf of himself and all others

similarly situated, alleges Defendants Portfolio Recovery Associates, LLC, Robert

J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, Robert J. Orovitz, and Joseph D.

Allen violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat.

§§559.55 *et seq.* (hereinafter "FCCPA"), by the use of false or misleading

representations as well as unconscionable means to collect or attempt to collect a

debt.

1

## I.  JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and

15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here

and Defendants conduct business in this District.

## II.  PARTIES

3.    Plaintiff Matthew K. Gaisser is a natural person residing in

Broward County, Florida.

4.    Defendant Portfolio Recovery Associates, LLC, (hereinafter "PRA")

is a limited liability corporation with its principal place of business located at

5.    Defendant, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau

(hereinafter "HHL") is a professional association with its principal place of

business at Suite 101, 7765 South West 87 Avenue, Miami, Florida 33173.

6.    Defendant Robert J. Orovitz is a natural person and a member of the

Florida Bar with his principal place of business at Hayt, Hayt & Landau, Suite 101,

7765 South West 87 Avenue, Miami, Florida 33173.

7.    Defendant Joseph D. Allen is a natural person and a member of the

Florida Bar with his principal place of business at Hayt, Hayt & Landau, Suite 101,

7765 South West 87 Avenue, Miami, Florida 33173.

8.    Defendants regularly use the United States Mail and or

instrumentalities of interstate commerce in a business the principal purpose of

2

which is the collection of debts and regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA and the FCCPA.

## III.  FACTUAL ALLEGATIONS

9.     Mr. Gaisser obtained a credit card for personal, family, or household purposes from Providian National Bank (the "Debt").

10.    The Debt provides for recovery of reasonable attorney's fees in the collection of the obligation.

11.    Due to financial difficulties, Mr. Gaisser fell in arrears on payment of the Debt.

12.    Mr. Gaisser's last payment on the Debt was made on April 10, 2003.

13.    PRA obtained the Debt after it had fallen into default.

14.    PRA retained the services of Defendants Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, Robert J. Orovitz, and Joseph D. Allen to recover the Debt.

15.    On February 8, 2007, Defendants filed a suit ("the state court suit") in County Court, in Broward County, Florida, in an effort to collect the alleged Providian Debt from Mr. Gaisser.  A. true copy of the Notice to Appear and Complaint is attached hereto as Exhibit A.

16.    Paragraph # 3 of Exhibit A states: "In the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00."

3

17.    Defendants filed in the court state suit an Affidavit of Attorneys Fees, signed and dated January 14, 2008, by Robert J. Orovitz stating in part: "#3. I have reviewed the above referenced case file and believe that 500 would be a reasonable fee for the services rendered." Attached hereto as Exhibit B.

18.    The Debt is governed by the laws of New Hampshire.

19.    Defendants' state court suit against Mr. Gaisser is barred by the applicable statute of limitations.

## IV.    DEFENDANTS' PRACTICES AND POLICIES

20.    It is the standard practice and policy of Defendants to file and serve state court lawsuits to collect debts governed by New Hampshire law three or more years after the last payment thereon.

21.    It is the standard practice and policy of Defendants to state reasonable attorneys fees as a sum certain without supporting documentation.

## V.    CLASS ACTION ALLEGATIONS

22.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff requests certification of two classes.

23.    The Statute of Limitations  class is defined as (i) all Florida residents (ii) whom PRA served with a state court suit (iii) regarding a Providian credit card (iv) governed by the laws of the State of New Hampshire (v) the last payment on which was three years old or older at the time of filing the PRA state court lawsuit

4

(vi) in an attempt to collect a debt incurred for personal, family, or household purposes.

24.     The Reasonable Attorneys Fees class is defined as (i) all Florida residents (ii) whom PRA served with a state court suit (iii) regarding a Providian credit card (iv) providing for "reasonable attorneys fees" (v) which PRA state court suit stated the attorneys fees as a sum certain (vi) in an attempt to collect a debt incurred for personal, family, or household purposes.

25.     The class period for the FDCPA claims begins one year prior to the filing of this lawsuit through the date of certification.

26.     The class period for the FCCPA claims begins two years prior to the filing of this lawsuit through the date of certification.

27.     Plaintiff alleges on information and belief based on Defendants' use of uniform state court suits that the class is so numerous that joinder of all members is impractical.

28.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

       a.     Whether Defendants are debt collectors.

       b.     Whether Defendants' state court suit violates the FDCPA.

       c.     Whether Defendants' state court suit violates the FCCPA.

5

29.    The claims of Mr. Gaisser are typical of those of the class members. All are based on the same facts and legal theories.

30.    Mr. Gaisser will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, the FCCPA, and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

31.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

32.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.    The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33.    Plaintiff requests certification of a hybrid class action combing the elements of Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

6

## VI.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

34.    Plaintiff incorporates the foregoing paragraphs.

35.    Defendants used false or misleading representations to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

36.    Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

## VII.  COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

**37.**    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38.    Defendants violations of the FCCPA include, but are not limited to, the following:

a.    Asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Matthew K. Gaisser requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants Portfolio Recovery Associates, LLC, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, Robert J. Orovitz, and Joseph D. Allen for:

A.    Certification of this matter to proceed as a class action;

7

   B. Declaratory relief that Defendants' state court lawsuits violate the FDCPA and the FCCPA;

   C. Enjoin Defendants from filing state court lawsuits which are barred by the applicable state of limitations and stating reasonable attorneys fees as a sum certain pursuant to the FCCPA, Fla. Stat. §559.77;

   D. Actual damages;

   E. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

   F. Statutory damages pursuant to Fla. Stat. §559.77;

   G. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§169sk(a)(3) and Fla. Stat. §559.77; and

   H. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Matthew K. Gaisser demands trial by jury.

Dated this _____ day of February, 2008.

_____
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

O. Randolph Bragg
Craig M. Shapiro

8

HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312-372-8822
Facsimile: 312-372-1673
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**

9

# EXHIBIT "A"

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA
CASE NO:
JUDGE: **COWE** 07-03180
DIVISION:

PORTFOLIO RECOVERY ASSOCIATES, LLC

      Plaintiff

vs.

MATTHEW K GAISSER

      Defendant(s)

_____/

**DEFENDANT TO BE SERVED AT:**
MATTHEW K GAISSER
1610 Ne 11Th Ave
Fort Lauderdale, Florida 33305

**NOTICE TO APPEAR FOR PRETRIAL
CONFERENCE/MEDIATION**

CATALINA AVALOS

NO STIPULATED OR OTHER CONTINUANCES
GRANTED WITHOUT WRITTEN MOTION FILED
5 DAYS PRIOR TO TRIAL AND APPROVAL OF
THE JUDGE.

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)
PORTFOLIO RECOVERY ASSOCIATES, LLC , Plaintiff
MATTHEW K GAISSER, Defendant
**YOUR ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County
Courthouse in Courtroom ___220___ , located at **100 N. Pine Island Road, Plantation, FL 33324**
on ___MAY - 8 2007___ at ___11:00A___ M. for a **PRETRIAL CONFERENCE.**

### IMPORTANT - READ CAREFULLY

**THE CASE WILL NOT BE TRIED AT THE PRETRIAL CONFERENCE, BUT MAY BE MEDIATED AT THAT
TIME.**

**DO NOT BRING WITNESSES, YOU MUST APPEAR IN PERSON OR BY ATTORNEY.**

**WHOEVER APPEARS FOR A PARTY MUST HAVE FULL AUTHORITY TO SETTLE FOR ALL AMOUNTS
FROM ZERO TO THE AMOUNT OF THE CLAIM WITHOUT FURTHER CONSULTATION. FAILURE TO
COMPLY MAY RESULT IN THE IMPOSITION OF SANCTIONS, INCLUDING COSTS, ATTORNEYS FEES,
ENTRY OF JUDGMENT, OR DISMISSAL.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The Plaintiff(s) must appear
to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or
the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL
CONFERENCE/MEDIATION. The date and time of the pretrial conference CANNOT be rescheduled without good cause
and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee
authorized in writing by an officer of the corporation. Written authorization must be brought to the pretrial
Conference/Mediation.

File number 06-01632-0             **(CONTINUED)**

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

## MEDIATION

Mediation may take place during the time scheduled for the pretrial conference. Mediation is a process whereby an impartial and neutral third person called the mediator acts to encourage and facilitate the resolution of a dispute between two or more parties, without prescribing what the resolution should be. It is an informal and nonadversarial process with the objective of helping the disputing reach a mutually acceptable and voluntary agreement.

In mediation, decision making rests with the parties. Negotiations in the county court mediation are primarily conducted by the parties. Counsel for each party may participate. However, presence of counsel is not required. If a full agreement is not reached at mediation, the remaining issues of the case will be set for trial. Mediation communications are confidential and privileged except where disclosures are required or permitted by law.

_____If you admit the claim, but desire additional time to pay, you must come and state the circumstances. The court may or may not approve a payment plan and may withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of the several places listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in the contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made. If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request to transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.**

A copy of the statement of claim shall be served with this summons.

DATED at Plantation, Florida, on _____ FEB - 8 2007 _____

Filed by: Robert J. Orovitz, PA
Address: LAW OFFICES OF
       HAYT, HAYT & LANDAU
       7765 S.W. 87 Avenue, Suite 101
       Miami, Florida 33173

ALL PLEADINGS IN THIS
CASE MUST BE FILED IN
COUNTY COURT - WEST FACILITY
100 N. PINE ISLAND RD.
PLANTATION, FLORIDA 33324

HOWARD C. FORMAN
AS CLERK OF THE COURT

By CARNESSA JOHNSON

If you are person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA coordinator at: (954) 831-6364 (Voice or TDD) within two working days of your receipt of this notice to arrange assistance.

A TRUE COPY
County Court Seal

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO: **COWE**    07-03180

PORTFOLIO RECOVERY ASSOCIATES,
LLC

Plaintiff,

vs.

MATTHEW K GAISSER

Defendant(s)

_____/

COMPLAINT FOR DAMAGES
ATTORNEY BAR NO: 0492515

**82**

CATALINA AVALOS

**A TRUE COPY**

COMES NOW the Plaintiff, PORTFOLIO RECOVERY ASSOCIATES, LLC  by
and through its undersigned counsel and sue(s) the Defendant(s), MATTHEW K GAISSER  and
states as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages that is within the jurisdictional limits of this
Court.

2. Defendant(s) is/are resident(s) of this County.

3. In the event this matter is resolved by way of default a reasonable attorney's fee
would be $750.00.

4. Plaintiff is the owner and holder of the debt pursuant to an assignment from the
original lender Providian National Bank (hereinafter "the Bank").

5. The Bank, at Defendants special instance and request issued a credit card with
the account number of 4479470800498585 to the Defendant(s).

6. That the Plaintiff is due interest from the charge off date or date of purchase
(whichever is later) which is May 28, 2004.

7. All conditions precedent to the bringing of this action have occurred.

## COUNT I  (Breach of Contract)

Plaintiff realleges paragraphs 1 through 7 above and further states:

8. Defendant(s), by use of the credit card, have accepted the terms and conditions of the credit card holder agreement. (See Exhibit "A" attached hereto).

9. The Defendant(s) has breached the Agreement by failing to comply with the terms of the Agreement.

10. Defendant(s) caused various charges to be made through the use of said card.

11. Defendant(s) owe Plaintiff the sum of $3,373.59 that is due with interest. (See Exhibit "B" attached hereto).

12. The contractual interest rate is 10.000%.

13. Plaintiff has made demand upon Defendant(s) for payment.

14. Defendant(s) has/have failed and refused to pay the sum due and owing to the Plaintiff.

15. Plaintiff is obligated to pay the undersigned a reasonable fee for which Defendant(s) is/are liable pursuant to the cardholder agreement.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant(s), MATTHEW K GAISSER in the principal amount due of $3,373.59, together with interest, court costs, reasonable attorney's fees and any other relief this court may deem just and proper.

## COUNT II (Account Stated)

Plaintiff realleges paragraphs 1 through 7 above and further states that:

16. The Defendant(s) requested an account, which is owned by the Plaintiff, and the credit card holder agreement was sent to the Defendant.

17. Before the institution of this action Plaintiff or Plaintiff's assignor and Defendant(s) had business transactions between them and they agreed to the resulting balance.

18. Plaintiff or Plaintiff's assignor rendered a Statement of it to Defendant(s) and the Defendant(s) did not object to the statement. (See Exhibit "B" attached hereto).

19. Defendant(s) owes Plaintiff $3,373.59, that is due with interest at the rate of 10.000% per year on the account.

WHEREFORE, Plaintiff demands judgment in its favor and against the Defendant(s) MATTHEW K GAISSER in the principal sum of $3,373.59, together with interest, court costs and any other relief which this Court may deem just and proper.

COUNT III (Money Lent)

Plaintiff realleges paragraphs 1 through 7 above and further states that:

20. The Defendant(s) owes Plaintiff $3,373.59 that is due with interest since May 28, 2004, for money lent by Plaintiff's assignor to Defendant(s) at various times.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant(s), MATTHEW K GAISSER in the principal amount due of $3,373.59, together with interest, court costs and any other relief this court may deem just and proper.

HAYT, HAYT & LANDAU
Attorneys for Plaintiff
7765 S.W. 87 Avenue, Suite 101
Miami, FL  33173
(305) 661-6660

BY:

Joseph D. Allen

06-01632-0

Attorney Bar No: 0757551

Providian National Bank VISA® or MasterCard®

Please review this document and keep it with your other important papers. This Account Agreement contains the terms which govern your Providian Natio Bank VISA or MasterCard Account (the "Account"). The Account allows you to make purchases by using your VISA or MasterCard card (the "Ca wherever it is honored and to get cash advances from us or any other participating financial institution and from Automated Teller Machines. Convenie checks may also be provided to you as an additional way to use the Account. In this Agreement, "you" and "your" mean each person for whom we ha opened a credit card Account. "We," "our," "ours," and "us" mean Providian National Bank or its assignees, as listed on your billing statement. The Acco may be used only for personal, family, household, and charitable purposes, and not for any business or commercial purpose. Any use of this Account s constitute acceptance of the terms of this Agreement. You and we agree as follows:

**Payments.** You will receive a monthly statement showing your outstanding balance. Payment on this Account is required in U.S. dollars (checks must payable at a U.S. office of the bank the check is drawn on) for at least the payment due as shown on your statement by the payment due date in accordan with payment instructions on your monthly statement. The back of your statements shows the rules we follow when we post payments. Convenience chec and other checks we issue to you may not be used to make payments on your Account or to make payments on any other account you have with us or c affiliates. The payment due will be: 2% of the new balance shown on your statement plus the amount of any past due payment, and may include the amou by which the new balance exceeds your credit line. However, the payment due will not be less than $15 (unless your new balance is less than $15, in whi case the payment due will be the amount of the new balance). If your Account is past due or above the credit line, we may require a higher minimu payment, but we will notify you before doing so. If your payment is more than the payment due, it will be treated as a single payment and none of it will applied to future payments due. We may accept late or partial payments, or payments marked "paid in full" or marked with other restrictions, without losi our right to collect all amounts owing under this Agreement.

**Finance Charges.** Except as described in the Grace Period for Purchase Balance section of this Agreement, finance charges begin to accrue on a deb when it is included in one of your daily balances and continue until that balance is reduced by a payment or credit. Your Account has the following balance The Purchase Balance, which consists of your existing Purchase Balance and new purchases you make with your Card and fees charged to your Accou including fees for optional services; one or more Custom Cash Advance Balances, which consists of balances that you transfer to your Account usir balance transfer checks and balances that we transfer for you; and the Cash Advance Balance which consists of all other cash advances and cash advanc transaction fees. Any payment amount we receive that exceeds the finance charges and fees then due will ordinarily be applied first to the Balance with t lowest Annual Percentage Rate (APR), until that Balance is zero, and then to the Balance with the next lowest APR, until that Balance is zero, and then t any remaining Balance. We reserve the right to apply payments differently without further notice.

The Purchase, Custom Cash Advance, and Cash Advance Balances are reduced by payments as of the date received, and by credits as of the date poste Purchases are included in your Purchase Balance as of the date made. Fees are included in your Purchase Balance as of the transaction date. Custo cash advances are included in your Custom Cash Advance Balance as follows: funds electronically transmitted to other lenders to transfer balances, as c the date transmitted; checks to transfer balances, as of the date presented to us. Other cash advances are included in your Cash Advance Balance, as follows: cash advances from other financial institutions and through Automated Tellers, as of the date made; cash advance checks made payable to yc that are identified as cashier's checks and mailed to you at your request, as of seven days after the date we print on the check; all other checks, as of t date presented to us. Other debits are included in your Purchase, Custom Cash Advance, or Cash Advance Balance as of the date posted. Finance charges are added to your Purchase, Custom Cash Advance, and Cash Advance Balances each day and are then posted on the last day of the billing cycl There is no grace period for custom cash advances or other cash advances.

To figure the daily finance charge for each type of Balance, we start with your previous day's Balance, add all debits and subtract all credits for the curre day and multiply the net amount by the applicable daily periodic rate (see following paragraphs). The finance charge for each type of Balance is then adde to and included in that day's Balance. We treat a credit balance for any day as zero. We determine the total finance charges on balances for the billir cycle by adding together the finance charges for each type of Balance for each day within the billing cycle. In calculating finance charges, an adjustment w be made for any transaction or payment that would have affected the finance charge calculation in a prior billing cycle had it been posted in that cycle. Th applicable daily periodic rate for such a transaction will be the rate in effect for the current billing cycle rather than the rate in effect on the date of th transaction.

Your statement includes an average daily balance for each type of Balance. You can multiply each average daily balance that is not zero by the number days in the billing cycle and the periodic rate to obtain subtotals. You can then add the subtotals together to determine your total finance charges on balances f the billing cycle. If a cash advance transaction fee is charged, that amount is also a finance charge.

The term "Prime Rate" as used in this Agreement means the highest prime rate published in the Wall Street Journal on the first business day of the previou calendar month. Any increase or decrease in the Annual Percentage Rate will take effect on the first day of your billing cycle and may result in a slig increase or decrease in the amount of your minimum payment.

**The ANNUAL PERCENTAGE RATE (APR)** for purchases is 7.99%, corresponding to a daily periodic rate of 0.02189%.

You can arrange to have a variable APR for custom cash advances that is lower than the weighted average of the non-introductory APR you have bee paying on the total balances you have transferred from other credit card, retail, and installment accounts provided your other accounts were open in Octob 2000. In calculating this APR we will take into account the APRs on the credit account balances you have transferred from other lenders. This APR i available only if you provide proof, in the form of copies of your most recent billing statements, showing your other non-introductory APRs. Your new AF will be variable, based on Prime Rate and will take effect in the billing cycle following our review of your proof, but not earlier than the end of your courte period. If we do not receive such proof your APR for custom cash advances will be as follows:

**The ANNUAL PERCENTAGE RATE** for cash advances is 21.99%, corresponding to a daily periodic rate of 0.06025%.

If we receive your Account payment late 2 or more times in any 6-month period, on each such occurrence we may increase the APR for purchases up tc maximum of 23.30% (corresponding to a daily periodic rate of 0.06384%), and increase the APR for cash advances and custom cash advances up maximum of 23.30% (corresponding to a daily periodic rate of 0.06384%). If after you receive the higher rates your payments are received on time and y meet all other terms of this Agreement for 3 consecutive months, you may contact our Customer Service department and, at your request, we will revie your Account for a possible APR reduction.

**Grace Period for Purchase Balance.** New purchases and fees posted to your Account in billing cycles with no previous balance, or when the previous balance was fully paid during the cycle, do not begin to incur a finance charge until the start of the next billing cycle. You will pay no finance charge on new purchases and fees if you pay the total new balance in full by the payment due date shown on your statement. New purchases and fees posted in a other billing cycle incur a finance charge, and there is no period in which such purchases and fees may be repaid without incurring a finance charge.

**Fees.** We may charge your Account $0 for: each Card you ask us to replace; each returned payment; each check you write on your Account that we ret unpaid; each stop payment order or renewal of such an order, each billing cycle within which your Account is delinquent (late charge); and each billing cy within which your balance exceeds your credit line (overlimit fee), even if your Account is closed. If you request copies of billing statements that were fi

EXHIBIT _____A____

you, or without notice if permitted by law, cancel the Card and your Credit privileges. We may transfer or assign our right to all or some of your payment state law requires that you receive notice of such an event to protect the purchaser or assignee, we may give you such notice by filing a financing stater with the state's Secretary of State.

Notices. Other notices to you shall be effective when deposited in the mail addressed to you at the address shown on our records, unless a longer nc period is specified in this Agreement or by law, which period shall start upon mailing. Notice to us shall be mailed to our address for customer service your statement (or other addresses we may specify) and shall be effective when we receive it.

YOUR BILLING RIGHTS – KEEP THIS NOTICE FOR FUTURE USE. This notice contains important information about your rights and our responsibilities under the Credit Billing Act.

*Notify Us in Case of Errors or Questions About Your Bill.* If you think your bill is wrong or if you need more information about any transaction on y bill, write us on a separate sheet, at the address listed in the Billing Rights Summary on your bill. Write to us as soon as possible. *We must hear from* no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve y rights. In your letter, give us the following information: – Your name and Account number. – The dollar amount of the suspected error. – Describe the e and explain, if you can why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized us to pay your credit card bill automatically from your checking account, you can stop the payment on any amount you think is wro To stop the payment, your letter must reach us three business days before the automatic payment is scheduled to occur.

*Your Rights and Our Responsibilities After We Receive Your Written Notice.* We must acknowledge your letter within 30 days, unless we ha corrected the error by then. Within 90 days, we must either correct the error or explain why we believe the bill was correct. After we receive your letter, cannot try to collect any amount you question, or report you as delinquent. We can continue to bill you for the amount you question, including finar charges, and we can apply any unpaid amount against your credit line. You do not have to pay any questioned amount while we are investigating, but y are still obligated to pay the parts of your bill that are not in question.

If we find that we made a mistake on your bill, you will not have to pay any finance charge related to any questioned amount. If we didn't make a mistal you may have to pay any finance charges, and you will have to make up the missed payments on the questioned amount. In either case, we will send you statement of the amount you owe and the date that it is due. If you fail to pay the amount we think you owe, we may report you as delinquent. However our explanation does not satisfy you and you write to us within 10 days telling us that you still refuse to pay, we must tell anyone we report you to that y question your bill. And, we must tell you the name of anyone we reported you to. We must tell anyone we report you to that the matter has been settl between us when it finally is. If we don't follow these rules, we can't collect the first $50 of the questioned amount, even if your bill was correct.

*Special Rule for Credit Card Purchases.* If you have a problem with the quality of the property or services that you purchased with our credit card and yo have tried in good faith to correct the problem with the merchant, you may not have to pay the remaining amount due on the goods or services. There a two limitations on this right: (a) you must have made the purchase in your home state, or if not within your home state, within 100 miles of your curre mailing address; and (b) the purchase price must have been more than $50. These limitations do not apply if we own or operate the merchant, or if w mailed you the advertisement for the property or services.

| ACCOUNT NUMBER | BALANCE AS OF 11/14/03 | PAYMENT DUE DATE | MINIMUM PAYMENT | AMOUNT ENCLOSED |
|---|---|---|---|---|
| 4479-4708-0049-8585 | $3,021.60 | DEC. 11, 2003 | $660.00 | $ |

VISA GOLD

☐ Indicate change of address on back

Make Checks Payable to
Providian Processing Services

PROVIDIAN PROCESSING SVCS.
PO BOX 660548
DALLAS, TX 75266-0548

Please be sure
◄ this address appears
in the window.

MATTHEW K GAISSER
1100 NE 9TH AVE APT 302
FORT LAUDERDALE FL 33304-2142

Page 1 of 1
0007387

4479470800498585006600003021603

**Your account is issued by Providian National Bank, Tilton, NH.**   DETACH HERE ↗

**MESSAGES FROM VISA GOLD**

You could avoid the cost of late fees by making your payment by phone with PaySmart for just $14.95. Simply call 1-800-356-1464.

YOUR ACCOUNT IS PAST DUE AND OVER ITS CREDIT LIMIT. Please pay the minimum payment listed above along with the overlimit amount immediately or call us at 1-800-280-9441.

**VISA GOLD TRANSACTIONS**

| Tran Date | Post Date | Description | Reference Number | Amount |
|---|---|---|---|---|
| 11-10 | 11-10 | CREDIT PROTECTION FEE CANCEL | 7418586331400000000004 0000 | 111.75 CR |
| 11-12 | 11-12 | LATE PAYMENT CHARGE | 0000 | 35.00 |

**FOR BILLING ERRORS AND IMPORTANT INFORMATION, SEE REVERSE SIDE.**

**ACCOUNT SUMMARY**
| | |
|---|---|
| Previous Balance | $3,037.56 |
| - Credits | 111.75 |
| - Payments | .00 |
| Purchases | |
| + & Other Charges | 35.00 |
| + Cash Advances | .00 |
| + FINANCE CHARGE: | 60.79 |
| = NEW BALANCE | $3,021.60 |

**ACCOUNT NUMBER** 4479-4708-0049-8585
Days in Billing Cycle 30
Statement Date 11/14/03
Minimum Payment $660.00
Payment Due Date 12/11/03
Credit Line $.00
Available Credit as of Statement Date $.00
Available Credit for Cash Advances as of Statement Date $.00

**BALANCE CATEGORY**

| | Average Daily Balance | Annual Percentage Rate | Daily Periodic Rate | Finance Charges | Grace Terms |
|---|---|---|---|---|---|
| Standard Purchase | $3,051.84 | 24.24%* | .0664%* | $60.79 | Term A |
| Standard Cash | $.00 | 24.24%* | .0664%* | $.00 | Term B |
| Balance Tran/Promo Offer | $.00 | 0.00% | .0000% | $.00 | Term B |
| ANNUAL PERCENTAGE RATE this billing cycle: | 23.90% | | | | |

**For 24-hour Automated Account Information, call 1-800-356-0011 or visit us at www.providianonline.com.**

* These Rates May Vary

## Get a Providian MasterCard® account with a $1,000 credit line.

P#: 2NMC25
Customer #: 777-8473-3070-1

Matthew K Gaisser
1420NE 17th Ave
Fort Lauderdale, FL  33304

**Yes! Open a MasterCard account in my name with a $1,000 credit line!**

By signing this Acceptance Card, I have read and agree to the Terms and Conditions on the reverse side of the letter.

X _[signature]_

Signature (One Signature Only—must be at least 18 years old)

( 954 ) 549-2256
Home Telephone

Offer Expires on: April 5, 2001

PROV1   BRT
D -GP-06-1- R-0068-2-08-04
SKP:SSF01223174-00031   CUST:446519466
REF1 UNF–A 1116
REF2
4474

R

LAW OFFICES OF

# HAYT, HAYT & LANDAU

GALLOWAY PROFESSIONAL PARK
7765 S.W. 87TH AVENUE
SUITE 101
MIAMI, FLORIDA 33173
TELEPHONE (305) 661-6660
FACSIMILE (305) 412-3242

EMANUEL HAYT (1929-1983)
LILLIAN R. HAYT (1928-1963)
BERNARD D. LANDAU (1930-2005)

Matthew K Gaisser
1610 NE 11th Ave
Fort Lauderdale, Florida 33305

Re:   Portfolio Recovery Associates, LLC vs. Matthew K Gaisser
      File Number: 06-01632-0

Dear Matthew K Gaisser:

You have now been served with a Complaint by Portfolio Recovery Associates, LLC to collect the outstanding balance due and owing on your account. I am enclosing for your review and signature a Stipulation for Entry of Final Judgment Execution Withheld. As you will note, the amount of the monthly payments has intentionally been left blank. Kindly contact my office upon receipt of this letter so that we may mutually agree to the terms and conditions of said stipulation. If we agree on an amount, you will not have to go to court.

Please understand that any information we obtain will be used for the purpose of collecting this debt.

If you have any questions or wish to discuss this matter in further detail please feel free to contact me.

Very truly yours
HAYT, HAYT & LANDAU


By:  **Robert J. Orovitz**
     Robert J. Orovitz, PA

****Please contact extension 152****


*************** IMPORTANT INFORMATION ***************

THE ATTACHED STIPULATION IS A PROPOSAL OF SETTLEMENT ONLY.
THE TERMS ARE NEGOTIABLE. YOU DO NOT HAVE TO AGREE TO ANY OF THE
    TERMS AND HAVE THE RIGHT TO GO TO COURT.
THE ATTACHED IS NOT A LEGAL PLEADING UNLESS AND UNTIL BOTH PARTIES
    AGREE TO THE TERMS AND SIGN IT.

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO:

PORTFOLIO RECOVERY ASSOCIATES,
LLC

             Plaintiff           STIPULATION FOR ENTRY OF FINAL
                                    JUDGMENT EXECUTION WITHHELD

vs.

MATTHEW K GAISSER

             Defendant(s)

_____/

COME NOW, the parties, and hereby stipulate and agree as follows:

1. That all of the allegations contained in Plaintiff's Complaint are true and correct.

2. Plaintiff is entitled to a Final Judgment Execution Withheld against the Defendant(s).

3. That the Defendant(s) shall comply with all of the terms and conditions as set forth within this stipulation and in the event that any payment is not received within five (5) days from the due date, then that shall constitute a default.

4. Defendant(s) must make all payments when due. Payment shall be mailed to Hayt, Hayt & Landau at their office address: 7765 SW 87 Ave, Suite 101 Miami, Fl 33173. Payment(s) of more than the amount of the installment due or down payment shall not relieve the Defendant(s) of its obligations to make the next monthly payment on the date agreed to. In the event that Defendant(s) fail to make any payment when due then Plaintiff shall be entitled to an execution order for the full amount then owing plus costs, interest and reasonable attorneys' fees to be determined by the Court.

5. It is agreed that Plaintiff shall recover from the Defendant(s) the principal sum of $3,373.59, plus interest in the amount of $878.03, plus court costs in the amount of $_____ plus attorneys fees in the amount of $_____, and post judgment interest at the rate of 10.000% per annum, to be paid as follows: the sum of $_____ due on or before _____ ____ and the sum of $_____, which shall be due on or before the _____ day of each month thereafter until paid in full.

6. In the event of Defendant(s) default under the terms of the Stipulation and Plaintiff obtains an execution order, the Defendant(s) hereby agree(s) to waive any garnishment defenses that are waivable under Florida Statute 222.11.

7. A facsimile or copy of this stipulation may be treated as the original.

8. That in the event of default, Plaintiff shall be entitled to an Execution Order upon the filing of a verified notice of default and without notice to the Defendant(s).

9. This agreement has legal terms and has legal implications. You have the right to have an attorney review it for you. If you sign this agreement you are voluntarily agreeing to its terms and will be bound by it.

DATED on this _____ day of _____, 20_____.

HAYT, HAYT & LANDAU
Attorney for Plaintiff
7765 SW 87 Avenue, Suite 101
Miami, Fl 33173

BY:_____          _____
      Robert J. Orovitz, PA          MATTHEW K GAISSER

                                           _____

06-01632-0

# EXHIBIT "B"

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO: COCE-07-8551-55

PORTFOLIO RECOVERY
ASSOCIATES, LLC

               Plaintiff              AFFIDAVIT OF ATTORNEYS FEES

vs.

MATTHEW K. GAISSER

            Defendant(s)

_____/

STATE OF FLORIDA      )
COUNTY OF DADE       )

      BEFORE ME, the undersigned authority, personally appeared Robert J. Orovitz, who after being duly sworn, deposes and says:

    1. I am an attorney licensed to practice law in the State of Florida.

    2. I have been an attorney licensed to practice law in the State of Florida for 22 years.

    3. I have reviewed the above referenced case file and believe that ____500____ would be a reasonable fee for the services rendered.

    FURTHER AFFIANT SAYETH NAUGHT.

                                    _____
                                    Robert J. Orovitz

    The foregoing instrument was acknowledged before me this the __14th__ day of _____

__January____, 200_8_ by Robert J. Orovitz who is personally known to me and who did take an oath.

                                    _____
                                    Notary Public - State of Florida

My commission expires:
06-01632-0



GUSTAVO C. ALBERRO
MY COMMISSION # DD 389181
EXPIRES: January 24, 2009
Bonded Thru Notary Public Underwriters

# ⌣IVIL COVER SHEET ⌣

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Matthew K. Gaisser

**DEFENDANTS**

Portfolio Recovery Associates, LLC, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, Robert J. Orovitz and Joseph D. Allen

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY)

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Donald A. Yarbrough, Esq.** Post Office Box 11842

**Fort Lauderdale, FL 33339,** Telephone (954) 537-2000

ATTORNEYS (IF KNOWN)

*O8CV60177-CMA/WCT*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | | PTF DEF | PTF DEF |
| ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State ☐ 1 ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 ☐ 1 |
| ☐ 2. U.S. Government Defendant | Citizen of Another State ☐ 2 ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 2 |
| ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen or Subject of a Foreign Country ☐ 3 ☐ 3 | Foreign Nation | ☐ 3 ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case  **15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act**

### NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

| VI. ORIGIN (PLACE AN X IN ONE BOX ONLY) |
|---|
| ☒ 1. Original Proceeding   ☐ 2 Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4 Refiled   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P.23 | CLASS ACTION Yes | DEMAND $ N/A | ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE : February 5, 2008    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. *542252*   Amount *$350.00*

Date Paid: _____   M/ifp: _____

S/F I-2
REV. 9/94