UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-60177-Civ-Altonaga/Turnoff

MATTHEW K. GAISSER,
on behalf of himself and
all others similarly situated,

    Plaintiff,

        v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
ROBERT J. OROVITZ, P. A.
d/b/a HAYT, HAYT & LANDAU,
and ROBERT J. OROVITZ,

    Defendants.
_____/

## FIRST AMENDED CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.      Plaintiff Matthew K. Gaisser, on behalf of himself and all others similarly situated, alleges Defendants Portfolio Recovery Associates, LLC, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, and Robert J. Orovitz violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. §§559.55 *et seq.* (hereinafter "FCCPA"), by the use of false or misleading representations as well as unconscionable means to collect or attempt to collect a debt.

## I. JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendants conduct business in this District.

## II. PARTIES

3.      Plaintiff Matthew K. Gaisser is a natural person residing in Broward County, Florida.

4.      Defendant Portfolio Recovery Associates, LLC, (hereinafter "PRA") is a limited liability corporation with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia.

5.      Defendant, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau (hereinafter "HHL") is a professional association with its principal place of business at Suite 101, 7765 South West 87 Avenue, Miami, Florida 33173.

6.      Defendant Robert J. Orovitz is a natural person and a member of the Florida Bar with his principal place of business at Hayt, Hayt & Landau, Suite 101, 7765 South West 87 Avenue, Miami, Florida 33173.

7.      Defendants regularly use the United States Mail and or instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts and regularly collect or attempt to collect debts for other parties. They are "debt collectors" as defined in the FDCPA and the FCCPA.

### III. FACTUAL ALLEGATIONS

8.        Mr. Gaisser obtained a credit card for personal, family, or household purposes from Providian National Bank (the "Debt").

9.        The Debt is based upon an agreement that reads in relevant part: "You promise to pay us ... collection costs we incur including, but not limited to, reasonable attorney fees and court costs..."A true copy of the Agreement is attached hereto as Exhibit C.

10.       Due to financial difficulties, Mr. Gaisser fell in arrears on payment of the Debt.

11.       Mr. Gaisser's last payment on the Debt was made on April 10, 2003.

12.       PRA obtained the Debt after it had fallen into default.

13.       PRA retained the services of Defendants Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, and Robert J. Orovitz to recover the Debt.

14.       Based upon information and belief, PRA retained Defendants Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, and Robert J. Orovitz on a contingent fee basis and did not pay any money for attorney fees to Defendants Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, and Robert J. Orovitz.

15.       On February 8, 2007, Defendants filed a suit ("the state court suit") in County Court, in Broward County, Florida, in an effort to collect the alleged Providian Debt from Mr. Gaisser.  A true copy of the state court Complaint is

attached hereto as <u>Exhibit A</u>. Defendants served the state court Complaint on Mr. Gaisser on February 15, 2007.

16.    Paragraph # 3 of <u>Exhibit A</u> states: "In the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00."

17.    Defendants filed in the court state suit an Affidavit of Attorneys Fees, signed and dated January 14, 2008, by Robert J. Orovitz stating in part: "#3. I have reviewed the above referenced case file and believe that 500 would be a reasonable fee for the services rendered." Attached hereto as <u>Exhibit B</u>.

18.    The Debt is governed by the laws of New Hampshire.

19.    Defendants' state court suit against Mr. Gaisser is barred by the applicable statute of limitations.

### IV.    DEFENDANTS' PRACTICES AND POLICIES

20.    It is the standard practice and policy of Defendants to file and serve state court lawsuits to collect debts governed by New Hampshire law three or more years after the last payment thereon.

21.    It is the standard practice and policy of Defendants to state reasonable attorneys fees as a sum certain without supporting documentation and to seek attorney fees when none had been incurred.

### V.    CLASS ACTION ALLEGATIONS

22.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff requests certification of two classes.

23.     The Statute of Limitations class is defined as (i) all Florida residents (ii) whom PRA served with a state court suit (iii) regarding a Providian credit card (iv) governed by the laws of the State of New Hampshire (v) the last payment on which was three years old or older at the time of filing the PRA state court lawsuit (vi) in an attempt to collect a debt incurred for personal, family, or household purposes.

24.     The Reasonable Attorneys Fees class is defined as (i) all Florida residents (ii) whom PRA served with a state court suit (iii) regarding a Providian credit card (iv) providing for "collection costs we incur including, but not limited to, reasonable attorney fees and court costs" (v) which PRA's state court suit stated the attorneys fees as a sum certain (vi) in an attempt to collect a debt incurred for personal, family, or household purposes.

25.     The class period for the FDCPA claims begins one year prior to the filing of this lawsuit through the date of certification.

26.     The class period for the FCCPA claims begins two years prior to the filing of this lawsuit through the date of certification.

27.     Plaintiff alleges on information and belief based on Defendants' use of uniform state court suits that the class is so numerous that joinder of all members is impractical.

28.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.   Whether Defendants are debt collectors.

    b.   Whether Defendants' state court suit violates the FDCPA.

    c.   Whether Defendants' state court suit violates the FCCPA.

29.     The claims of Mr. Gaisser are typical of those of the class members. All are based on the same facts and legal theories.

30.     Mr. Gaisser will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, the FCCPA, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

31.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

32. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Plaintiff requests certification of a hybrid class action combing the elements of Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## VI.  COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff incorporates the foregoing paragraphs.

35. Defendants used false or misleading representations to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

36. Defendants used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

## VII.  COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

7

38.     Defendants violations of the FCCPA include, but are not limited to, the following:

a.     Asserting the existence of some other legal right when such person knows that the right does not exist, in violation of Fla. Stat. §559.72(9).

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Matthew K. Gaisser requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants Portfolio Recovery Associates, LLC, Robert J. Orovitz, P. A. d/b/a Hayt, Hayt & Landau, and Robert J. Orovitz for:

A.     Certification of this matter to proceed as a class action;

B.     Declaratory relief that Defendants' state court lawsuits violate the FDCPA and the FCCPA;

C.     Enjoin Defendants from all violative conduct alleged herein pursuant to the FCCPA, Fla. Stat. §559.77;

D.     Actual damages;

E.     Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

F.     Statutory damages pursuant to Fla. Stat. §559.77;

G.     Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3) and Fla. Stat. §559.77; and

H.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff Matthew K. Gaisser demands trial by jury.

        Respectfully submitted,

        DONALD A. YARBROUGH, ESQ.
        Attorney for Plaintiff
        Post Office Box 11842
        Ft. Lauderdale, FL 33339
        Telephone: 954-537-2000
        Facsimile: 954-566-2235
        donyarbrough@mindspring.com

By: /s/Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

        Craig M. Shapiro
        HORWITZ, HORWITZ & ASSOCIATES
        25 East Washington Street, Suite 900
        Chicago, IL 60602
        Telephone: 312-372-8822
        Facsimile: 312-372-1673
        craig@horwitzlaw.com

        **ATTORNEYS FOR PLAINTIFF**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 08-60177-Civ-Altonaga/Turnoff

MATTHEW K. GAISSER,
on behalf of himself and
all others similarly situated,

    Plaintiff,

           v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
ROBERT J. OROVITZ, P. A.
d/b/a HAYT, HAYT & LANDAU,
and ROBERT J. OROVITZ,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>June 5, 2008,</u> I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                      <u>s/Donald A. Yarbrough</u>
                                      Donald A. Yarbrough, Esq.

## SERVICE LIST

Mr. David P. Hartnett, Esq.
Hinshaw & Culbertson, LLP
Post Office Box 569009
Miami, FL 33256-9009
Telephone: 305-358-7747
Facsimile: 305-577-1063

Counsel for Portfolio Recovery Associates, LLC

Via Notices of Electronic Filing generated by CM/ECF

Craig S. Hudson, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
Suite 500
1 East Broward Boulevard
Ft. Lauderdale, FL 33301
Telephone 954-847-4920
Facsimile 954-627-6640

Counsel for Defendants Robert J. Orovitz, P.A. and Robert J. Orovitz

Via Notices of Electronic Filing generated by CM/ECF