UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-60177-CIV-Altonga/Turnoff

MATTHEW K. GAISSER,

        Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES,
LLC., ROBERT J. OROVITZ, P.A., d/b/a
HAYT, HAYT & LANDAU, ROBERT J.
OROVITZ & JOSEPH D. ALLEN,

        Defendants.

_____/

## DEFENDANTS ROBERT J. OROVITZ, P.A. D/B/A HAYT, HAYT & LANDAU AND ROBERT J. OROVITZ'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

COME NOW, Defendants, ROBERT J. OROVITZ, P.A. d/b/a HAYT, HAYT & LANDAU and ROBERT J. OROVITZ ("OROVITZ"), by and through their undersigned counsel and in accordance with Rule 12(b)(6), Fed. R. Civ. P., file this Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in Support, directed to the Complaint filed by Plaintiff, Matthew K. Gaisser ("GAISSER"), for failure to state a claim upon which relief may be granted.

The grounds for this Motion are set forth in the incorporated Memorandum of Law in Support.

<u>**MEMORANDUM OF LAW IN SUPPORT**</u>

**I.     FACTS**

      **A.  The Parties to this Litigation Reside and/or have a Principal Place of Business in the State of Florida**

GAISSER is a natural person residing in Broward County, Florida. Class Action Complaint and Jury Demand ("Complaint") ¶ 3. OROVITZ have a principal place of business AT 7765 South West 87 Avenue, Miami, Florida 33173. *See*, Complaint ¶¶ 5-6.

      **B.  The Debt**

GAISSER alleges he obtained a credit card for personal, family or household purposes from Providian National Bank (hereinafter referred to as the "Debt"). Complaint ¶ 8. GAISSER fell in arrears on payment of Debt. Complaint ¶ 10. GAISSER's last payment on the Debt was made on April 10, 2003. Complaint ¶ 11. Defendant Portfolio Recovery Associates, LLC ("PRA") obtained the Debt after GAISSER allowed the Debt to fall into arrears. *See,* Complaint ¶ 12. PRA subsequently retained OROVITZ to recover the Debt. Complaint ¶ 13. On February 8, 2007, OROVITZ filed a lawsuit in Broward County, Florida, to collect the Debt from GAISSER (the lawsuit will hereinafter be referred to as the "State Court Lawsuit"). *See,* Complaint ¶ 15. GAISSER alleges that this Debt was governed by the laws of New Hampshire and that the State Court Lawsuit against GAISSER was barred by the statute of limitations under New Hampshire law, at the time of its filing. *See,* Complaint ¶¶ 18 and 19.

      **C.  Allegations Against OROVITZ**

GAISSER has filed the instant lawsuit against OROVITZ alleging violation of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). With regard to the FDCPA claim, GAISSER alleges: 1) OROVITZ used false or misleading representations to collect or attempt to collect a debt in violation of 15 U.S.C.

§ 1692e, and 2) OROVITZ used unfair and unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f. *See,* Complaint ¶¶ 35, 36. With regard to the FCCPA claim, GAISSER alleges OROVITZ asserted the existence of some other legal right when such person knows that right does not exist, in violation of Fla.Stat.§ 559.72(9). *See,* Complaint ¶ 38.

## II.     STANDARD OF REVIEW

Pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, when a court is considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the complaint must be considered in the light most favorable to the plaintiff, and all facts as alleged by the plaintiff must be accepted as true. *Brooks v. Blue Cross & Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*). However, it should be kept in mind that in considering a motion to dismiss, a court "will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions." *Robinson v. Jewish Ctr. Towers*, 993 F. Supp. 1475, 1476 (M.D. Fla. 1998). Plaintiff's allegations must be pled in a manner that establishes a plausibility of entitlement to relief as opposed to a mere possibility. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). Dismissal is appropriate where a court cannot "identify each of the material elements necessary to sustain a recovery under some viable legal theory." *See, Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F. 3d 678, 684 (11th Cir. 2001), *Reh'g denied*, 273 F. 3d 395 (11th Cir. 2001), cert. denied 534 U.S. 1129 (2002).

## III.     LAW AND ANALYSIS

### A.  The FCCPA Claim is Barred by the Litigation Privilege

From the plain language of GAISSER's Complaint, GAISSER's claim is based upon a State Court Lawsuit filed by OROVITZ on behalf of PRA. *See,* Complaint ¶¶ 15-17, 19 and 38.

The Florida litigation privilege extends immunity to OROVITZ for "any act occurring during the course of judicial proceedings." *Levin, et al. v. U.S. Fire Insur. Co.*, 639 So.2d 606, 608 (Fla. 1994). Applying "across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin," the litigation privilege provides absolute immunity "'to any act occurring during a judicial proceeding . . . so long as the act has some relation to the proceeding.'" *Echevarria, et al. v. Cole*, 950 So.2d 380, 384 (Fla. 2007)(citing *Levin, et al.*, 639 So.2d at 608). The litigation privilege may be used by the court in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability' to the defense to bar the action." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1277 (11th Cir. 2004)(citing *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988)).

GAISSER's FCCPA claims as set forth in Count II of his Complaint arise solely from PRA/OROVITZ's filing of the State Court Lawsuit. *See,* Complaint ¶¶ 37, 38. GAISSER alleges that PRA/OROVITZ asserted the existence of some other legal right when such person knows that the right does not exist, in violation of Fla.Stat.§ 559.72(9). Complaint ¶ 38. This is presumably in connection with filing the State Court Lawsuit after the expiration of the statute of limitations. *See,* Complaint ¶ 19. OROVITZ's filing of the State Court Lawsuit on behalf of their client, PRA, however, necessarily occurred during the course of a judicial proceeding and is related to such proceeding. OROVITZ's conduct therefore falls squarely within Florida's broad litigation privilege. *See, Boca Investors Group, Inc. v. Potash*, 835 So.2d 273 (Fla. 3d DCA 2002), *aff'd, Echevarria*, et al., 950 So.2d at 384 (litigation privilege barred claim for tortious interference that was premised on the filing of three lawsuits); *See, also*, *McCorriston v. L.W.T., Inc.,* 2008 U.S.Dist. LEXIS 13343 (M.D.Fla. 2008) (litigation privilege warrants dismissal of

FCCPA claims premised on the filing of a collection suit after the expiration of the statute of limitations).

### B. The Debt was Not Time-Barred as the State Court Lawsuit Was Filed Within Five Years of the Last Payment.

Statutes of limitations are generally considered to be procedural rather than substantive law. *Kalmich v. Bruno*, 553 F.2d 549, 553 (7th Cir. 1977), cert. denied 434 U.S. 940 (1977). Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitations. *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981). Moreover, "choice of law provisions in contracts do not apply to statutes of limitations unless the reference is express." *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179 (3d Cir. 1991); *see also Federal Deposit Ins. Corp. v. Peterson*, 770 F.2d 141, 142 (10th Cir. 1985).

Assuming GAISSER is correct in alleging that New Hampshire law applied to the Debt, the Florida statute of limitations would apply as Florida would be the forum state. *See, Keeton v. Hustler Magazine, Inc.*, 549 A.2d 1187 (N.H. 1988). In *Keeton*, the plaintiff's former associate publisher brought a multistate libel action against defendants, a magazine and its publisher, in a New Hampshire district court after it was determined that her action was barred by the statute of limitations in every jurisdiction but New Hampshire. The appellate court, in considering the magazine and its publisher's claims that the suit should have been dismissed for improper venue and the statute of limitations, certified questions to the Supreme Court of New Hampshire. In response to the certified questions, the court held that New Hampshire held that it would apply New Hampshire's six-year statute of limitations as to the plaintiff's entire libel action. The court reasoned that "it is…the forum that is best able to decide when claims are so stale that they will

burden its dockets, and only the forum has a significant interest in insuring that its dockets are not burdened by such claims." *Id.* at 1192. Moreover, the court reasoned:

> We agree that, given these purposes, statutes of limitations do differ from other procedural rules. We further believe, however, that the varied purposes that statutes of limitations are meant to meant to serve justify the application of forum law, and thus the essential treatment of such statutes as procedural rules, in most instances, whether or not our choice of law principles advise application of New Hampshire substantive law.

*Id.* Accordingly, the court applied New Hampshire's statute of limitations as the procedural laws of the forum state.

In accordance with *Keeton*, Florida's statute of limitations would govern the Debt. This position is supported by GAISSER's allegation that New Hampshire law applied to the debt. Florida law is well settled that PRA's State Court Lawsuit for breach of contract to collect GAISSER's past due credit card account was timely filed within five years from when the cause of action accrued and was, thus, timely filed before the expiration of the statute of limitations. *See,*, Fla.Stat.Ann. § 95.11(2)(b); *see also Strauss v. Sillin*, 393 So.2d 1205, 1206 (Fla.2d DCA 1981). GAISSER had a written agreement with Providian by which he agreed to utilize the credit card and make payment before the deadline set forth in the written monthly statements. As set forth in the GAISSER's Complaint, GAISSER made his last payment to Providian on April 10, 2003. PRA acquired the debt after the GAISSER's debt had fallen into default. OROVITZ filed the State Court Lawsuit on February 8, 2007.

Section 95.031, Fla.Stat., states that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues … [and that] a cause of action accrues when the last element constituting the cause of action occurs."

Here, one of PRA's claims against GAISSER in the State Court Lawsuit was for breach of contract. The elements of a breach of contract action are: (1) a contract; (2) a material breach; and (3) damages. *Abbott Laboratories, Inc. v. General Electric Capital*, 765 So.2d 737, 740 (Fla. 5th DCA 2000). GAISSER committed a material breach of his credit card contract with Providian when he failed to make payment in accordance with the parties' written agreement. As such, PRA's claim against GAISSER began to accrue, at the earliest, on April 10, 2003, the date of GAISSER's last payment on the account. On or about February 8, 2007, less than five years after GAISSER's last payment on her Providian account, OROVITZ filed the State Court Lawsuit on behalf of their client, PRA, for, among other things, breach of the written credit card agreement. The statute of limitations for actions founded on a written instrument is five years, pursuant to Section 95.11(2)(b), Fla.Stat. As such, under Florida law, PRA's Complaint in the State Court Lawsuit was timely filed before the expiration of the five-year statute of limitations.

While there is no Florida Supreme Court decision on when the statute of limitations runs on an action to collect on a past due credit card debt, at least one Florida court has held that the statute of limitations in such a case is five years and is governed by Florida Statute § 95.11(2)(b). In *Premium Asset Recovery Corp. v. Mirra*, 14 Fla. L. Weekly Supp. 190 (20th Judicial Cir. 2006), a debt collection company filed suit against a debtor for breach of contract arising from an alleged credit card debt. On appeal to the circuit court after a non-jury trial, the 20th Judicial Circuit held that the "action was commenced within the appropriate Florida Statute of Limitations since the Exhibit One statement closing date is July 6, 2001 and the action was commenced on January 25, 2006. *See*, Section 95.11(2)(b), Fla.Stats." *Id.* p. 2.

The facts of the instant case are on "all fours" with *Mira*. Under the law, as set forth in *Mira*, GAISSER's claim for breach of contract in the State Court Lawsuit accrued on the last

statement closing which occurred after GAISSER's last payment on the Debt. Because suit was filed within five years thereafter, OROVITZ timely filed the State Court Lawsuit on behalf of PRA against GAISSER for breach of contract due to GAISSER's failure to pay the amounts owed in accordance with the terms of the credit card agreement. As such, as a matter of law, the State Court Lawsuit was timely filed before the expiration of the statute of limitations. *See*, Section 95.11(2)(b), Fla.Stat. *See also*, *Perez v. Ramada Renaissance Jaragua, Inc. and American Express Co.*, 5 Fla. L. Weekly Supp. 577a (11th Judicial Cir. 1998) (plaintiff's action against credit card company to dispute credit card debt charged by hotel held to be governed by five(5)-year statute of limitation which governs actions based on breach of contract).

Accordingly, the Debt was not time-barred at the time the State Court Lawsuit was filed.[1]

---

[1] Should this Honorable Court determine the Florida statute of limitations would not have applied to the Debt, OROVITZ cannot be held liable for acting in *bona fide* error. *See,, McCorriston v. L.W.T., Inc.*, 2008 U.S.Dist. LEXIS 13343 (M.D.Fla. 2008). A party who brings and loses a debt collection lawsuit is not automatically liable under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 295-96, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995); *McCorriston v. L.W.T., Inc*, 2008 U.S.Dist. 13343 (M.D.Fla. 2008).

This issue of filing an ostensibly time-barred suit has come up before in the context of an FDCPA claim. *See,, McCorriston, supra.; see also Simmons v. Miller*, 970 F.Supp. 661 (S.D. Ind.1997). In McCorriston, the debt collecting attorney filed suit in Florida believing that the Florida statute of limitations applied. The attorney voluntarily dismissed the suit thereafter and was sued by the debtor for filing suit based upon a time-barred debt. The debtor argued that the debt was time-barred under the applicable Delaware statute of limitations. The Middle District granted summary judgment in favor of the attorney, ruling that, as a matter of law, the attorney could not be held liable for acting in *bona fide* error under the belief that Florida statute of limitations applied as opposed to the statute of limitations for the state of Delaware.

In the instant case, OROVITZ filed an action, on behalf of PRA, acting on a good-faith belief that the statute of limitations had not tolled, within five years after the cause of action against GAISSER for breach of contract accrued. As such, PRA's action was timely and OROVITZ did not violate the FDCPA. Alternatively, given the absence of Florida Supreme Court authority on the issue, OROVITZ at the very least had a good-faith belief that its client's action was timely. Accordingly, OROVITZ is entitled to summary judgment on GAISSER's claims for FDCPA violations based on the State Court Lawsuit ostensibly being filed after the expiration of the statute of limitations.

**C. Both the FCCPA and FDCPA Claims Should be Dismissed as the State Court Lawsuit was Not Time-Barred as Either the New Hampshire Statute of Limitations was Tolled or Florida Law Applies and the Action was Filed within Five Years of the Last Payment**

The filing of a time-barred suit has been held to violate 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692f. *See*, *Deere v. Javitch, Block and Rathbone LLP*, 413 F.Supp.2d at 890-1 (filing a complaint to collect a debt that has been extinguished by the passage of time clearly falls within Section 1692e(2), prohibiting false representations about the character or legal status of any debt. It may also violate Section 1692f, which prohibits "unfair or unconscionable" methods of debt collection.) However, the filing of the State Court Lawsuit cannot be deemed to violate the FDCPA if the suit was not time barred or if the law as to whether the suit was time barred was unsettled or otherwise unclear. *See*, *Simmons v. Miller*, 970 F. Supp. 661, 664-5 (S.D. Ind. 1997) (defendants did not knowingly or intentionally attempt to collect a debt not permitted by law where the law as to which statute of limitations applied was unsettled).

GAISSER maintains that OROVITZ is liable for pursuing a debt that was barred by the statute of limitations. *See,* Complaint ¶ 19. Presumably, that assertion is based upon a review of New Hampshire law as Plaintiff alleges that the Debt was governed New Hampshire law. *See,* Complaint ¶ 18. GAISSER's claims fails as a matter of law as the State Court Lawsuit was not filed beyond any statute of limitations.

Generally, Florida enforces choice of law provisions unless the law of the chosen forum contravenes public policy. *Mazzoni Farms Co. v. E.I. Dupont Nemours & Co.*, 761 So.2d 306, 311 (Fla. 2000). According to GAISSER's Complaint, the Debt was governed by New Hampshire law. The relevant statute of limitations for an action on a credit card under New Hampshire law states:

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

N.H.Rev.Stat.Ann. § 508:4. In a nearly identical case, one federal court has addressed whether New Hampshire law would apply to a debt based upon a Providian credit card when suit was filed in another state. *See,*, *Avery v. First Resolution Management Corp*, 2007 U.S.Dist. 39260 (D.Or. 2007).

In *Avery*, the debtor, a resident of Oregon, received a credit card through Providian and received statements in Oregon. The agreement contained a choice of law provision stating that New Hampshire law applies. The debtor used the credit card and made a last payment on November 5, 2001. After not receiving a December payment, Providian assigned the debt to a debt collector on December 16, 2001. The debt collector, through its attorneys, filed suit to collect the debt on February 9, 2006. The debtor later filed an action in federal district court for the District of Oregon, claiming that the defendants' debt collection practices violated Sections 1692e, 692f, and 1692g of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Various motions were filed by both parties. The defendants filed a partial motion for summary judgment seeking dismissal of any claim that the debtor's alleged was based upon a time-barred debt.  The defendants argued that they believed the New Hampshire statute of limitations was tolled by her absence from New Hampshire.

The court granted the defendants' motion for partial summary judgment on the basis that either New Hampshire's statute of limitations was tolled or that Oregon's six-year statute of

limitations applied. The court reasoned: "to the extent New Hampshire's three-year statute of limitations applies to the underlying debt, it never ran in favor of the plaintiff." *Id.* at *4 citing *Gagnon v. Craft Mfg & Rental Co.*, 235 A.2d 522, 524 (N.H. 1967) (time that a defendant corporation was absent from the state is excluded in computing the time limit of bringing that action); *Atwood v. Bursch*, 219 A.2d 285, 287 (N.H. 1966) ("The general statute of limitations…runs only in favor of those who are within the state"); *Bolduc v. Richards*, 142 A.2d 156, 158 (N.H. 1958) (tolling the statute of limitations because of the debtor's absence from the state requires that process cannot be served upon the debtor); *Paine v. Drew*, 44 N.H. 306 (N.H. 1862) ("tolling provision applies to defendants who have never resided in the State, as well as to those who have resided in it and have removed from it"). The court further stated that the defendants acknowledged the New Hampshire's tolling provision may impose an unfair burden on the plaintiff. Accordingly, Oregon's six-year statute of limitations applied. *Id.* at * 5.

The facts in *Avery* are directly on point with the case *sub judice*. Both involve Providian debts with presumably the same choice of law provision. This court should follow the decision rendered in *Avery* that the New Hampshire statute of limitations was tolled. Alternatively, as in *Avery*, this court should apply Florida's five-year statute of limitations as provided in Fla.Stat.Ann. § 95.11(2) for the reasons addressed in Subsection B herein. Accordingly, applying either New Hampshire or Florida law, the Debt was not time-barred at the time OROVITZ filed the State Court Lawsuit on PRA's behalf.

### D.  OROVITZ is Entitled to a Dismissal of Count II of GAISSER's Complaint for Alleged Violations of Sections 1692e and 1692f of the FDCPA

GAISSER alleges that OROVITZ used false or misleading representations to collect or attempt to collect a debt. Complaint ¶ 35, *see also* U.S.C. § 1692e. GAISSER further alleges that OROVITZ violated 15 U.S.C. § 1692f which prohibits unfair and unconscionable means to

collect a debt. Presumably, in connection therewith, GAISSER alleges that OROVITZ filed the State Court Lawsuit after the expiration of the statute of limitations. Complaint ¶ 19. Also, GAISSER complains that OROVITZ included a demand for attorney's fees in the State Court Lawsuit. *See,* Complaint ¶¶ 16, 17. The Debt provides for the recovery of attorney's fees in collection of the obligation. *See,* Complaint ¶ 9. Based on the evidence before this Court and even viewed in a light most favorable to GAISSER, OROVITZ is entitled to dismissal on these claims as a matter of law.

The facts before the Court, as set out in GAISSER's Complaint, are that PRA obtained the Debt from Providian after GAISSER's Debt fell into arrears. GAISSER fell into arrearages on payment of the Debt. OROVITZ filed suit on behalf of PRA seeking to recover the amount of the Debt. Filing a legitimate complaint, even though later dismissed, does not constitute a violation of Sections 1692e or 1692f. *See, Deere v. Javitch, Block and Rathbone LLP*, 413 F.Supp.2d 886, 890-1 (S.D. Ohio 2006) (granting defendant's motion to dismiss the plaintiff's claim alleging defendant violated the section by filing a complaint later voluntarily dismissed by defendants). As such, GAISSER's Complaint fails to allege a cause of action as a matter of law.

In addition, although it is unclear from GAISSER's Complaint, it appears that GAISSER complains of the inclusion of OROVITZ's attorney's fee claim in the State Court Lawsuit. However, demanding inserting an amount of attorney's fees in a collection complaint does not violate the FDCPA. *See, Bull v. Asset Acceptance, LLC*, 444 F.Supp.2d 946 (N.D.Ind. 2006). In *Bull*, a debtor accrued a large debt and was unable to pay it back. After the debtor failed to pay, the issuer of the credit card sold the account to a debt collector, who retained a law firm to file a collection complaint. In the complaint, the law firm included an amount of attorney's fees. The debtor filed suit against the debt collector and the law firm, arguing that the defendants violated

the FDCPA by including the attorney's fee claim (which he also argued was unreasonable as to the amount) in the collection complaint. The court granted the defendants' motion to dismiss, reasoning that "[t]he Defendants have not violated the FDCPA by inserting an amount of attorneys' fees in the Collection Complaint after [the debtor] agreed to pay reasonable attorneys' fees in the event of default." *Id.* at 951.

It is anticipated that Plaintiff will argue that OROVITZ's inclusion of the demand for attorney's fees is a violation of the FDCPA pursuant to *Stollicker v. Muller, Muller, Richomond, Harms, Myers and Sgroi, P.C.*, 2005 WL 2180481, 2005 U.S.Dist. LEXIS 32404 (W.D.Mich. 2004). However, *Stollicker* is distinguishable. In *Stollicker*, the plaintiff debtor sued a defendant law firm for allegedly violating the FDCPA in filing a collection complaint. The law firm "filed a complaint requesting a specific amount for attorney's fees purportedly 'pursuant to agreement made by defendant.'" *Stollicker*, 2005 U.S.Dist. LEXIS 32404 at *9. The law firm also filed an affidavit supporting its application for default judgment, including the liquidated attorney's fee amount and stating that the claim was for a "sum certain." *Id.* The court found that the defendant law firm had violated the FDCPA. The court reasoned that the debtor's contract with the original lender required that she "pay a reasonable fee," but that the collection complaint provided that the debtor had not agreed to the specific fee as indicated by the law firm. *Id.* The court held that the law firm misrepresented the debt by stating that there was a "sum certain" that was recoverable "pursuant to agreement made by [the debtor]." *Id.*

The underlying claim filed by OROVITZ, on behalf of their client, provided only that "[I]n the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00." Exhibit A, Complaint ¶ 3. There is no misrepresentation made to the court that

Plaintiff agreed to this amount as was the case in *Stollicker*. This difference was acknowledged by the court in *Winn v. Unifund CCR Partners*, 2007 U.S.Dist. LEXIS 95705 (D.Az. 2007).

In *Winn*, a debtor sued a debt collector for violating the FDCPA in connection with an underlying collection complaint. In the complaint, the debt collector provided the amount of attorney's fees requested, but did not state that it was a sum certain or agreed upon by the court. The debt collector moved to dismiss for failure to state a claim upon which relief may be granted. The debtor argued that the debt collector violated the FDCPA by misleading the debtor as to the amount of the debt. *Id.* at * 10. As in this case, the debtor cited *Stollicker* in support of its contention. The court granted the motion and rejected the debtor's argument. The court reasoned that "[the debt collector] quotes a specific level of attorney's fees in his prayer for damages, but he does not allege this specific amount is required by the terms of the credit card agreement." *Id.* at 12.

As in *Winn* and contrary to *Stollicker*, OROVITZ filed a claim for reasonable attorney's fees, but in no way indicates that this specific amount was agreed to under the terms of the credit card agreement. This substantial distinction negates application of *Stollicker* and forms the basis for the Motion filed by OROVITZ on this count.     Based on the above, in accordance with the allegations of GAISSER's Complaint, the Debt contained a provision that provides for the recovery of attorney's fees in the collection of the obligation. Despite this provision, GAISSER has now filed suit for violation of the FDCPA in connection with PRA's conduct in enforcing its own rights. As illustrated above, GAISSER's Complaint fails to state a cause of action for the inclusion of the attorney's fee provision in the State Court Lawsuit.

## CONCLUSION

For the forgoing reasons, the Defendants, ROBERT J. OROVITZ, P.A. d/b/a HAYT, HAYT & LANDAU and ROBERT J. OROVITZ, respectfully request that: (1) Plaintiff Michael Gaisser's Complaint be dismissed with prejudice; and (2) this Court grant such other and further relief as is just and proper.

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN
Counsel for Orovitz & Hayt
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, Florida  33301


s/ Craig Hudson_____
Craig S. Hudson
Florida Bar No. 27940
cshudson@mdwcg.com


I hereby certify that on June 13, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, Fl. 33339
Phone: 954- 537-2000

David P. Hartnett
Monica Cronin
Hinshaw & Culbertson, LLP
Phone: 305-358-7747