UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60177-CIV-ALTONAGA/Brown

MATTHEW K. GAISSER,

      Plaintiff,

vs.

PORTFOLIO RECOVERY
ASSOCIATES, LLC, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendants, Robert J. Orovitz and Robert J. Orovitz, P.A.'s Motion to Dismiss Amended Complaint [D.E. 56], filed on June 13, 2008; and Defendant, Portfolio Recovery Associates, LLC's Motion to Dismiss First Amended Class Action Complaint [D.E. 59], filed on June 16, 2008. The Court has carefully considered the parties' written submissions, the record, and applicable law.

### I. BACKGROUND

On June 5, 2008, Plaintiff, Matthew K. Gaisser filed an Amended Class Action Complaint [D.E. 53] alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") against Defendants, Robert J. Orovitz individually and Robert J. Orovitz, P.A. (collectively "Orovitz"), and Portfolio Recovery Associates, LLC ("PRA"). Plaintiff at all times relevant to this action has been a resident of Broward County, Florida. (*See Am. Compl.* at ¶ 3).

Plaintiff obtained a consumer credit card from Providian National Bank, and due to financial difficulties, he allowed the account to fall into arrears. (*See id.* at ¶¶ 8, 10). The last

Case No. 08-60177-CIV-ALTONAGA/Brown

payment Plaintiff made on the Providian account occurred on April 10, 2003. (*See id.* at ¶ 11). PRA obtained the debt from Providian after the debt had fallen into default and subsequently retained Orovitz to collect on the account. (*See id.* at ¶¶ 12-13). Orovitz, in turn, filed an action on behalf of PRA against Plaintiff on February 8, 2007, in the Broward County Court. (*See PRA Compl.* [D.E. 53-2]).

Plaintiff alleges the terms of the Providian account are governed by the laws of New Hampshire. (*See Am. Compl.* at ¶ 18; *Providian Account Terms* [D.E. 53-4] at 2). Plaintiff further alleges the action instituted against him in state court was barred by the three-year New Hampshire statute of limitations, and it "is the standard practice and policy of Defendants to file and serve state court lawsuits to collect debts governed by New Hampshire law three or more years after the last payment thereon." (*Am. Compl.* at ¶ 20). Plaintiff also takes issue with a provision of PRA's complaint in the state court action, stating, "'[i]n the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00,'" (*Id.* at ¶ 16) (quoting *PRA Compl.* at ¶ 3), and an Affidavit of Attorney's Fees filed by Robert J. Orovitz in the state court suit in which he states $500.00 would be a reasonable fee. (*See id.* at ¶ 17). Plaintiff alleges this conduct constitutes a "standard practice and policy of Defendants to state reasonable attorneys fees as a sum certain without supporting documentation and to seek attorney fees when none had [sic] been incurred." (*Id.* at ¶ 21).

Plaintiff alleges Defendants' practice of attempting to collect on debts after expiration of the applicable statute of limitations and Defendants' practice regarding attorney's fees runs afoul of the FDCPA. Specifically, Plaintiff alleges "Defendants used false or misleading

representations to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e," and

"used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15

U.S.C. § 1692f." (*Id.* at ¶¶ 35-36). Plaintiff alleges filing the untimely state suit also violated

the FCCPA, because Defendants asserted "the existence of some other legal right when [they]

knew] the right [did] not exist, in violation of Fla. Stat. § 559.72(9)." (*Id.* at ¶ 38).

PRA moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the

claims against it for failure to state a claim, arguing that even if New Hampshire law applies to

the debt, the state suit was not filed outside the applicable three-year statute of limitations,

because that period was tolled under New Hampshire law. Orovitz also moves to dismiss

pursuant to Rule 12(b)(6). Orovitz asserts Plaintiff's FCCPA claim against it is barred by the

Florida litigation privilege. Orovitz contends both the FCCPA and the FDCPA claims should be

dismissed, because even assuming the debt is governed by New Hampshire law, as the forum

state, the Florida five-year statute of limitations applied to the state action. In the alternative,

Orovitz joins PRA's argument that the three-year New Hampshire statute of limitations was

tolled. Orovitz also argues Plaintiff's allegations regarding the attorney's fees provision in the

state case fail to state a claim and the claim should be dismissed.

## II.  LEGAL STANDARD

A motion to dismiss a complaint for failure to state a claim requires that a court accept

the facts pleaded as true and construe them in the light most favorable to the plaintiff. *See*

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711

F.2d 989, 994-95 (11th Cir. 1983). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a

Case No. 08-60177-CIV-ALTONAGA/Brown

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . .'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 1964-65 (citations omitted). "[A] complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1965). "When the allegations contained in a complaint are wholly conclusory . . . and fail to set forth facts which, if proved, would warrant the relief sought, it is proper to dismiss for failure to state a claim." *Davidson v. Georgia*, 622 F.2d 895, 897 (11th Cir. 1980) (citations omitted).

### III. ANALYSIS

A.      *Statute of Limitations*

Assuming, as the parties do for purposes of their Motions, that New Hampshire law applies to the debt, the Court must first address the question of whether the New Hampshire statute of limitations also applies to the debt. The parties appear to agree the relevant date for purposes of accrual of the state cause of action is April 10, 2003, the date of Plaintiff's last payment on the Providian account. As stated, the state suit was filed on February 8, 2007, nearly four years later. If the New Hampshire three-year limitations period applies, and the period was

Case No. 08-60177-CIV-ALTONAGA/Brown

not tolled, Plaintiff has stated a claim with respect to Defendants' untimely filing of the state suit.[1]  Conversely, if Florida's five-year statute of limitations applies or the New Hampshire statute applies and was tolled until February 8, 2007, or later, the state case was timely and Plaintiff has failed to state a claim.

Orovitz appears to make two arguments with respect to the applicable statute of limitations.  First, Orovitz suggests statutes of limitations are generally considered to be procedural rather than substantive law, and choice of law provisions of contracts incorporate only the substantive law of the chosen forum rather than the procedural law.  (*See Orovitz Motion* at 5).  Under this logic, because Florida was the forum state, its five-year statute of limitations should apply to PRA's state suit, and therefore, the suit was not untimely filed.

While there is authority supporting the proposition that a choice of law provision of a contract must explicitly incorporate the statute of limitations of the chosen forum in order for that forum's statute to apply,[2] such authority is not controlling or binding here.  In Florida, a choice of law provision of a contract is presumptively valid unless the party seeking to avoid it shows that application of the chosen law "contravenes [a] strong public policy" of Florida. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000) (citing *Punzi v. Shaker Adver. Agency, Inc.*, 601 So. 2d 599 (Fla. 2d DCA 1992)).  Contrary to

---

[1] *See Pescatrice v. Orovitz*, 539 F. Supp. 2d 1375, 1378 (S.D. Fla. 2008) (noting that filing a time-barred suit may constitute an FDCPA violation).

[2] *See F.D.I.C. v. Petersen*, 770 F.2d 141, 142 (10th Cir. 1985) (citing *Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981)) ("Choice of law provisions in contracts are generally understood to incorporate only substantive law, not procedural law such as statutes of limitation."); *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1179-80 (3d Cir. 1992) (citations omitted).

Case No. 08-60177-CIV-ALTONAGA/Brown

Orovitz's suggestion, Florida courts consider the statute of limitations to be substantive, and therefore the statute of limitations of the parties' chosen forum will apply where there exists a contractual choice of laws provision. *See Western Group Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1366 (S.D. Fla. 2002) (citing *Fulton County Adm'r v. Sullivan*, 753 So. 2d 549, 553 (Fla. 1999); *Merkle v. Robinson*, 737 So. 2d 540 (Fla. 1999)) ("Under Florida rules, statutes of limitations are considered substantive in nature."); *Pescatrice*, 539 F. Supp. 2d at 1379 (In an analogous case, "Defendants did research the issue, and several Miami-Dade circuit judges have ruled that under similar facts, the five-year Virginia statute applies."); *Stewart v. Hooters of America, Inc.*, Case No. 04-cv-40, 2007 WL 3528685, at *10 (M.D. Fla. Nov. 15, 2007) (citation omitted). Orovitz has not shown the application of the New Hampshire statute of limitations contravenes Florida public policy, and therefore, the New Hampshire statute of limitations applies to the state action.

Orovitz also contends Florida's statute of limitations applies because New Hampshire choice of law rules require application of the Florida statute. (*See Orovitz Motion* at 5-6 (citing *Keeton v. Hustler Magazine, Inc.*, 549 A.2d 1187 (N.H. 1988))). Orovitz cites *Keeton* for the proposition that New Hampshire law requires a foreign forum state applying New Hampshire substantive law to apply the forum state's statute of limitations rather than the statute of limitations of New Hampshire. In *Keeton*, the plaintiff filed suit in federal court in New Hampshire alleging a libel claim, where the statute of limitations had run on the claim in every state except New Hampshire. The defendants argued that New Hampshire choice of law principles required application of the Ohio, New York, or California statutes of limitations,

Case No. 08-60177-CIV-ALTONAGA/Brown

because those states had greater contact with the claim.  The New Hampshire Supreme Court, addressing questions certified to it by the First Circuit Court of Appeals stated, "we cannot now conceive of a case to which we would apply our own substantive law, but a foreign statute of limitations." *Id.* at 1190.

Orovitz quotes language from *Keeton* where the court reasoned it would apply its own statute of limitations because statutes of limitations are procedural rather than substantive and "the varied purposes that statutes of limitations are meant to serve justify the application of forum law." *Id.* at 1192.  *Keeton*, however, was not a contract case where the parties agreed to a contractual provision designating the law of New Hampshire or any other state.  *Keeton* also did not address the question of the application of New Hampshire law by a foreign forum. Accordingly, Orovitz's reliance on *Keeton* for this proposition is misplaced.  The undersigned is not persuaded New Hampshire law requires application of the Florida statute of limitations.

Turning then to the New Hampshire statute, Section 508:4 of the New Hampshire Revised Statutes requires a personal action "be brought only within 3 years of the act or omission complained of . . . ."  The tolling provision of the New Hampshire Statutes asserted by Defendants provides, "[i]f the defendant in a personal action was absent from and residing out of the state at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for bringing the action."  N.H. Rev. Stat. § 508:9.

PRA and Orovitz contend the state case was not untimely filed because the tolling provision prevented the statute from running in Plaintiff's favor.  Under the terms of that provision, the statute does not run while the defendant is absent from or residing outside New

Hampshire.  As stated, Plaintiff never resided in New Hampshire; consequently, application of the provision to this case would result in the indefinite tolling of the time for filing suit.

Aside from the statute itself, Defendants principally rely on an opinion of the federal district court in Oregon addressing a similar factual scenario.  *See Avery v. First Resolution Mgmt. Corp.*, Case No. 06-cv-1812, 2007 WL 1560653 (D. Or. May 25, 2007).  In *Avery*, the plaintiff filed an FDCPA claim after the defendants instituted a state court case to collect a debt the plaintiff had incurred and defaulted upon on a Providian credit card.  The plaintiff's Providian account was similarly governed by New Hampshire law, and the defendants argued both that Oregon's longer statute of limitations applied to the debt and alternatively, that the tolling provision of the New Hampshire statute applied.  After observing the plaintiff never resided in New Hampshire and that New Hampshire's statute could not run in the plaintiff's favor, the court noted a provision of Oregon law permitted the court to apply the Oregon statute where a foreign state's limitations period substantially differs.  *See id.* at *5.  The court concluded, finding "as a matter of law that the underlying debt is not time-barred, pursuant to New Hampshire's tolling provisions and, alternatively, the application of Oregon's six-year statute of limitations period."  *Id.*

Plaintiff argues a finding that the tolling provision applied to the state suit would create the absurd result of permitting Defendants to file the suit at any time without running afoul of the statute of limitations.  The undersigned agrees that interpreting the tolling provision such that the statute of limitations would never run on Defendants' claim in the state court does not serve the purposes of statutes of limitations and produces an illogical and unreasonable result.

In a related scenario, the Supreme Court of New Hampshire addressed whether the tolling provision applied to a case filed in New Hampshire, arising from a car accident that occurred in New Hampshire, where the defendant was not present in the state. *See Bolduc v. Richards*, 142 A.2d 156 (N.H. 1958). The plaintiff could have obtained substituted service on the defendant through a statute permitting service on the Motor Vehicle Commissioner. In considering the plaintiff's argument that tolling should apply irrespective of the substituted service statute, the court expressed concern that interpreting the provision to toll the statute indefinitely "would lead to . . . unfortunate consequences," and could not have been the intent of the New Hampshire Legislature. *Id.* at 158. Other courts considering similar situations have refused to apply tolling statutes such that the limitations period is indefinitely tolled. *See McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1276 (M.D. Fla. 2008) (quoting *Hurwitch v. Adams*, 155 A.2d 591, 594 (Del. 1959)) (refusing to apply the Delaware tolling provision in a way that would "indefinitely toll lawsuits filed in states other than Delaware, notwithstanding that those lawsuits were filed against account holders who were never in Delaware," because this would "effectively 'result in the abolition of the defense of statutes of limitation in actions involving non-residents,' an absurd result.").

Because the three-year New Hampshire statute of limitations applied to the debt, and the period was not tolled under the statute, Defendants have not shown the state suit was timely filed. Accordingly, the Motions to Dismiss on this ground are without merit.

B.      *Claim Regarding Orovitz's Attorney's Fees*

Plaintiff appears to allege Orovitz violated the FDCPA by including an amount for

attorney's fees in the state court complaint and later filing an affidavit also stating a reasonable amount in fees. The FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The statute also prohibits the misrepresentation of the amount of the debt. *See* 15 U.S.C. § 1692e. As stated, the state complaint included a provision stating, "'[i]n the event this matter is resolved by way of default a reasonable attorney's fee would be $750.00.'" (*Am. Compl.* at ¶ 16) (quoting *PRA Compl.* at ¶ 3). Robert J. Orovitz also filed an affidavit in the state case stating, "I have reviewed the above referenced case file and believe that [$]500 would be a reasonable fee for the services rendered." (*Aff. of R. Orovitz* [D.E. 53-3]). The contract governing the Providian account includes a provision whereby the consumer agrees to pay collection costs "including, but not limited to, reasonable attorney's fees and court costs." (*See Providian Account Terms* at 1).

Plaintiff alleges the inclusion of a fee amount in the complaint and in the affidavit misrepresented the amount of the debt or attempted to collect on a debt that was not owed in violation of the FDCPA. Plaintiff cites one case to support his claim. *See Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, Case No. 04-cv-733, 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005). In *Stolicker*, a law firm attempting to collect on a debt filed a complaint demanding $3,985.25 in damages, an amount which included $776.68 for attorney's fees, 25% of the outstanding debt. The credit agreement existing between the parties also included a clause in which the debtor agreed to pay the "reasonable attorney fee" associated with

collection actions. The court found "[t]he inclusion of a liquidated sum as attorney fees with the principal debt owed altered the terms of the contract between Capital One and Stolicker and violated the FDCPA." *Id.* at *4. The court's decision in *Stolicker* turned on the fact that the claimed fees were stated as a "sum certain" and were included in the total damages request. The court found this to be a false representation because determining reasonable attorney's fees "requires a judicial evaluation of the evidence regarding the fee." *Id.* at *5 (citation omitted).

In this case, Orovitz stated a reasonable fee would be $750.00 or $500.00, but did not state that either was a sum certain or that either was required under the agreement governing the terms of the debt. Other courts have similarly distinguished *Stolicker* on these grounds. In *Winn v. Unifund CCR Partners*, the court noted the defendant "quotes a specific level of attorney's fees in his prayer for damages, but he does not allege that this specific amount is required by the terms of the credit card agreement. Instead, he acknowledges the creditor is entitled only to 'reasonable' attorney's fees and invites the court to find that this specific amount is reasonable." Case No. 06-cv-447, 2007 WL 974099, at *8 (D. Ariz. Feb. 13, 2007). The court found *Stolicker* distinguishable because the fee request was not represented as part of the debt and did "not inaccurately characterize the content of the credit card agreement." *Id.*

Similarly here, Orovitz did not state the reasonable fees as a sum certain in the state complaint or affidavit. Instead, the amounts were recommendations or suggestions, and the state court had discretion to award fees based on its own evaluation of the facts. Because Orovitz did not mischaracterize the fees as part of the debt or as required under the agreement, Plaintiff has failed to state a claim with respect to the requests for attorney's fees.

Case No. 08-60177-CIV-ALTONAGA/Brown

        C.       *FCCPA Claim and the Florida Litigation Privilege*

Orovitz argues Plaintiff's FCCPA claim against it is barred by the Florida litigation privilege. In response, Plaintiff devotes more than three pages to establishing that the litigation privilege has been found inapplicable to FDCPA claims, but fails to even mention how that authority is relevant to the assertion of litigation privilege as to an FCCPA claim. Plaintiff's FCCPA claim alleges that Defendants' filing of a time-barred suit violated the FCCPA. The undersigned agrees with Orovitz's assertion that the Florida litigation privilege protects Orovitz from suit for this act.

The Supreme Court of Florida, addressing whether the litigation privilege applies to statutory causes of action, has stated, "[t]he litigation privilege applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin. 'Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding.'" *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)). *See also Trent v. Mortgage Elec. Registration Sys., Inc.*, Case No. 06-cv-374, 2007 WL 2120262, at *3 (M.D. Fla. Jul. 20, 2007) ("The *Echevarria* holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA . . . claim.").

The filing of the state suit clearly relates to a judicial proceeding and therefore cannot form the basis of Plaintiff's FCCPA claim against Orovitz. Accordingly, the FCCPA claim against Orovitz is dismissed.

Case No. 08-60177-CIV-ALTONAGA/Brown

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that PRA's Motion **[D.E. 59]** is **DENIED**.  Orovitz's

Motion **[D.E. 56]** is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's FCCPA claim

against Orovitz and Plaintiff's claim regarding Orovitz's attorney's fees are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of August, 2008.


_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge Stephen T. Brown
(2) Counsel of record