UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 08-civ-60177 Altonaga/Turnoff

MATTHEW K. GAISSER,

    Plaintiff,

vs.

ROBERT J. OROVITZ, P.A., d/b/a
HAYT, HAYT & LANDAU and
ROBERT J. OROVITZ,

    Defendant.

_____/

### DEFENDANT, ROBERT J. OROVITZ, P.A. d/b/a HAYT, HAYT & LANDAU and ROBERT J. OROVIT's PRE-TRIAL MEMORANDUM OF LAW REGARDING THE NINTH CIRCUIT COURT OF APPEAL'S DECISION IN AVERY V. FIRST RESOLUTION MANAGEMENT CORP.

From the beginning, Defendants, Robert J. Orovitz, P.A. d/b/a/ Hayt, Hayt & Landau and Robert J. Orovitz, (collectively "Orovitz"), have argued a provision in the Providian credit card agreement choosing New Hampshire law, that if New Hampshire's three year statute of limitations, N.H. REV. STAT. ANN. §508;4 that so to must the statutory tolling period set forth in N.H. REV. STAT. ANN. §508;9 must also apply. Specifically, the New Hampshire statute of limitations statute provides that "if the Defendant in a personal action was absent from and residing out of state at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for brining the action." *Id.*

The Orovitzs' Defendants in their motion to dismiss the Plaintiff's Complaint (Docket No. 22) and in their motion to dismiss Plaintiff's First Amended Complaint (Docket No. 60) cited to *Avery vs. First Resolution Management Corp.,* 2007 U.S. Dist.

39260, 2007 W.L. 1560653 (D.Or. 2007) in which the Oregon District Court held in a case on all fours as the case at bar, that the statute of limitations was tolled during the time the debtor was outside of New Hampshire.

On August 5, 2009, this Court, in denying the Defendants' motions to dismiss Plaintiff's first amended complaint, declined to follow *Avery*, finding that the tolling provision does not apply because of the potential that the statute of limitations may never run.

On April 2, 2009, the United States District Court of Appeal for the 9th Circuit affirmed the District Court's decision that New Hampshire's tolling provision applies.[1] In a unanimous opinion authored by the Honorable Milan D. Smith, Jr., the 9th Circuit held:

> [W]hen parties lawfully adopt a state's law for purposes of resolving disputes arising from an agreement, they adopt that state's statute of limitations provision and tolling provisions *in toto.* Avery agreed to abide by New Hampshire's statute of limitations as well as its tolling provisions, which have consistently been interpreted by New Hampshire courts to apply when defendant's are absent from New Hampshire. *See Avery* opinion, page 3977 -3978

The Orovitz Defendants submit and will argue at trial that now that the 9th Circuit Court of Appeals has affirmed *Avery*, the Orovitz Defendants were either correct that the complaint in Gaisser was not time barred when it was filed, or that as a matter of law, the Orovitz Defendants are entitled to the bona fide error defense.

Plaintiff's will no doubt argue that this Court has already ruled that the tolling provisions produce an illogical and absurd result and thus cannot be applied. The opinion by the 9th Circuit Court of Appeals also addresses that issue. The 9th Circuit

---

[1] A copy of the United States Court of Appeals for the 9th Circuit's opinion in *Robert L. Avery v. First Resolution Management Corp., et al.,* Case No. 07-35726 at pages 3971-3980 is attached hereto as Exhibit A.

points out that if the tolling provision is found to be unconstitutional, then all of New Hampshire's statute of limitations must be stricken and replaced by, in this instance, Florida's statute of limitations which, in this case, is five years. If Florida's statute of limitations applies then the law suit filed against Plaintiff was timely filed.

This result is consistent with *Mazoney Farms, Inc. v. E.I. duPont Demores & Co.,* 761 So.2d 306, 311 (Fla. 2000) which held that generally, "Florida enforces choice of law provisions unless the chosen forum contravenes with strong public policy". If this Court determines that as a result of the New Hampshire statutory provisions governing statute of limitations, that the tolling provisions violate public policy, then as the 9th Circuit Court of Appeals points out, the Court must decline to follow New Hampshire's statute of limitations *in toto* and instead apply Florida's five year statute of limitations.

The Orovitz Defendants are bringing the 9th Circuit Court of Appeals decision in *Avery* to the Court's attention because the Orovitz Defendants intend to move for a directed verdict at the close of Plaintiff's case.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
1 East Broward Boulevard
Suite 500
Ft. Lauderdale, Florida 33301
Telephone: (954) 847-4920
Facsimile: (954) 627-6640
cshudson@mdwcg.com

By __s/_____
   Craig S. Hudson
   Florida Bar No. 27940

## *CERTIFICATE OF SERVICE*

      I HEREBY CERTIFY that on April 6, 2009 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Craig S. Hudson

Craig S. Hudson
Florida Bar No. 27940

**CERTIFICATE OF SERVICE**

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, Florida 33339

Craig Shapiro, Esq.
Horwitz, Horwitz & Associates
25 East Washington, Suite 900
Chicago, Illinois 60602

22/225423.v1